In re METROBILITY OPTICAL
SYSTEMS, INC., Debtor.

No. 01–12817–MWV.

United States Bankruptcy Court,
D. New Hampshire.

May 30, 2002.

Robert E. Murphy, Jr., Wadleigh, Starr & Peters, P.L.L.C., Manchester, NH, for Deutsche Financial Services.

John D. Sigel, George W. Shuster, Jr., Hale & Dorr, LLP, Boston, MA, for Debtor.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it Deutsche Financial Services' ("Deutsche's") Motion for an Order pursuant to 11 U.S.C. § 365 to Compel Lease Payments (the "Motion") from Metrobility Optical Systems, Inc. (the "Debtor").[1] Based upon the record before the Court and for the reasons set out below, the Court denies the Motion.

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.).

---

1. Unless otherwise noted, all section references hereinafter are to Title 11 of the United States Code.

This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

The Debtor filed for bankruptcy protection under Chapter 11 on September 10, 2001 (the "Filing Date"). The Debtor and Deutsche are parties to a Master Lease Agreement, No. 40015226, dated August 17, 2000, and Schedule No. 01 thereto (collectively, the "Agreement") for the lease of IFS ERP and Oracle Software (the "Software"). Prior to the Filing Date, the Debtor made monthly payments of $13,062.65 under the Agreement. The Debtor made one post-petition payment of $13,062.65 to Deutsche on October 23, 2001, which the Debtor requests be returned.

### DISCUSSION

The issue before the Court is the nature of the Agreement between the parties. Deutsche argues that the Agreement is a true lease to which the requirements of N.H. RSA § 382–A:2A–103(1)(g) are not applicable and that obligates the Debtor to make ongoing payments according to the terms of the Agreement pursuant to § 365. The Debtor responds that the Agreement created a security interest in the Software under N.H. RSA §§ 382–A:2A–103(1)(j) and 382–A:1–201(37). Further, the Debtor argues that Deutsche's security interest is subject to deficiencies causing it to be unperfected and subject to avoidance. As noted above, the Debtor also requests the return of a post-petition payment of $13,062.65.

N.H. RSA § 382–A:2A–103(1)(j) defines a lease as "a transfer of the right to possession and use of goods for a term in return for consideration, but a sale, including a sale on approval or a sale or return, or retention or creation of a security interest is not a lease." N.H. RSA § 382–A:2A–103(1)(j). N.H. RSA § 382–A:1–201(37) defines a security interest as "an

interest in personal property or fixtures which secures payment or performance of an obligation." *Id.* § 382–A:1–201(37). "Whether a transaction creates a lease or security interest is determined by the facts of each case." *Id.* The statute further provides that "a transaction creates a security interest if the consideration the lessee is to pay the lessor for the right to possession and use of the goods is an obligation for the term of the lease not subject to termination by the lessee" and either

(a) the original term of the lease is equal to or greater than the remaining economic life of the goods;

(b) the lessee is bound to renew the lease for the remaining economic life of the goods or is bound to become the owner of the goods;

(c) the lessee has an option to renew the lease for the remaining economic life of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement; or

(d) the lessee has an option to become the owner of the goods for no additional consideration or nominal additional consideration upon compliance with the lease agreement.

*Id.* § 382–A:1–201(37)(a)–(d).

■ The Agreement between the parties in the present case created a security interest, not a lease, as it meets the requirements set forth in N.H. RSA § 382–A:1–201(37). The consideration under the Agreement for the possession and use of the Software is for the term of the Agreement, and the Debtor cannot terminate the Agreement. *See* N.H. RSA § 382–A:1–201(37). Additionally, the Agreement satisfies the fourth disjunctive requirement of RSA § 382–A:1–201(37) because the Debtor has an option to purchase the software for the nominal additional consideration of one dollar upon satisfaction of the Agree-

ment's terms. *See id.* Accordingly, pursuant to N.H. RSA § 382–A:1–201(37), the Agreement created a security interest. *See id.; see also North American Rental v. First Southern Leasing, Ltd. (In re North American Rental)*, 54 B.R. 574, 575–77 (Bankr.D.N.H.1985) (determining that "leases" in question were not intended as security because effective purchase option payment amounts were substantial and other indicia did not justify finding that contracts were intended as security interests).

Further, the Court notes that the Agreement in question also possesses other indicia of a security interest. First, Deutsche reserved the right to accelerate all future payments under the lease in the event of Debtor's default. *See In re North American Rental*, 54 B.R. at 577. Second, Deutsche is not a "true lessor" of the type of goods which is the subject of the Agreement, but is a financier. *Id.*

 Although the Debtor requests that the Court decide whether Deutsche's security interest is perfected, the Court declines to do so at this time.[2] However, since the Agreement between the parties created a security interest, Deutsche is not entitled to post-petition payments from the Debtor under § 365. Thus, Deutsche shall return the post-petition payment of $13,062.65 made by the Debtor on October 23, 2001.

### CONCLUSION

The Court denies Deutsche's motion to compel lease payments because the Agreement between the parties is a financing lease that creates a security interest in the Software under N.H. RSA §§ 382–A:2A–103(1)(j) and 382–A:1–201(37). Further,

---

**2.** Pursuant to Fed.R.Bankr.P. 7001, a challenge to the validity of a security interest must

the Court declines to rule upon the status of Deutsche's security interest and instead restores the post-petition status quo between the parties with respect to the Agreement. Accordingly, Deutsche shall return the post-petition payment of $13,062.65 to the Debtor. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

be brought as an adversary proceeding.